SUPREME COURT CASES.—1859.     175

The High School of the County of Clayton v. the County of Clayton.

## THE HIGH SCHOOL OF THE COUNTY OF CLAYTON V. THE COUNTY OF CLAYTON.

1. LAW UNCONSTITUTIONAL: HIGH SCHOOL. The provisions of "an act for the public instruction of the State of Iowa," approved, March 12th 1858, for the establishment of high schools in the counties of the State, are unconstitutional and void.

2. THE HIGH SCHOOL A PART OF THE COMMON SCHOOL SYSTEM. The high school provided for by said act, was designed as a part of the educational system of the State; the original establishment of which, as well as the subsequent management and control, is committed by the constitution to the Board of Education.

3. THE CURATIVE ACT. The curative act passed by the Board of Education December 15th, 1858, applies only to such portions of the common school system attempted to be established by the act of March 12th, 1858, as was continued in force by said Board.

*Appeal from Clayton District Court.*

SATURDAY, JUNE 25.

This action was instituted by the board of trustees of the High School of Clayton county, to recover of the county of Clayton the sum of three thousand dollars, the amount of taxes levied by the county Judge of said county, under section sixty of "an act for the public instruction of the State of Iowa," approved March 12, 1858, for high school purposes. The defendant demurred to the petition, assigning as cause, that the law under which plaintiff claims is void and unconstitutional. The demurrer was sustained and judgment rendered for the defendant. Plaintiff appeals.

*S. Murdock* and *Alonzo Brown*, for the appellant.

*Noble* and *McGlathery*, for the appellee.

STOCKTON, J.—By the constitution of the State of Iowa, (section 4,) it is provided that the educational interests of the State, are confided to a Board of Education, which shall have full power and authority to legislate and make all needful rules and regulations in relation to common schools, and

other educational institutions, that are instituted to receive aid from the school and educational fund of the State. Upon this board is devolved the duty of providing for the education of all the youth of the State, by a system of common schools. ART. 9, sections 1, 8, 12.

It was held by this court, in the case of *The District Township of the city of Dubuque* v. *the city of Dubuque,* 7 Iowa, 262, that so far as it was attempted by the General Assembly, in the " act for the public instruction of the State of Iowa," approved March 12th, 1858, to provide a system of education for the people of the State, the said act was invalid ; that the constitution conferred the power to legislate on this subject primarily, upon the Board of Education, and not upon the General Assembly ; that such power, in the first instance, was exclusively in the Board ; and that the legislature could only alter, amend, or repeal the acts, rules and regulations made or passed by the Board.

The question to be determined in this case is, whether the provisions of the act of March 12, 1858, authorising the establishment of a high school by the Board of Presidents of school districts, in any county, (section 59,) are within the constitutional prohibitions upon the powers of the legislature. It is argued for the appellant, that the high school as constituted by the act aforesaid, is not "an educational institution to receive aid from the school or university fund of the State," and not being such, it cannot be established by the Board of Education, and may rightfully be provided for by the General Assembly, to whom is committed the duty of encouraging, by all suitable means, the promotion of intellectual, scientific, moral and agricultural improvement. Constitution, art. 9, Div. 2, Sec. 3. It is evident from an examination of the act, that the high school was to be but an appendage to the common school system contemplated by it. The board of presidents of school districts provided for in each county, might determine whether a high school should be established in such county ; and if so, they were to elect nine trustees therefor, who, together with the county superintendant of

The High School of the County of Clayton v. the County of Clayton.

common schools, upon being organized as a corporation, were to have charge of the high school; to prescribe the branches of learning and science to be taught, and the text books to be used therein, subject to the recommendation of the State Board of Education. The trustees were to report to the county superintendant, and the high school was to be subject to visitation from him and from the Superintendant of Public Instruction.

The question of the power of the General Assembly to authorize and provide for these schools, in the act aforesaid, is not to be determined by the consideration, that they were not to derive any support or assistance from the educational funds of the State, but were to be kept up by the county taxation alone. They were to be *free schools*, (section 62,) and as such, though called *high schools*, they were essentially common schools in the legitimate acceptation of the term; and however supported, were designed to be a component part of the educational system of the State; the original establishment of which, as well as its subsequent management and control, has been committed by the constitution to the Board of Education.

This Board has not deemed it advisable in the acts, rules and regulations, passed by it, to adopt, or re-enact the provisions of the act of the General Assembly of March 12, 1858, constituting the high school. Nor do we understand that by virtue of the curative act of the Board, passed Dec. 15, 1858, the action of the school authorities of Clayton county, in establishing a high school for said county, have been legalized. Admitting the power of the Board of Education to effect the object intended, by any such act, we can only consider it as applying to such parts of the common school system as have been continued in force by the said board. As no provision has been made for a "high school," as part of the common school system of the State, no "act done, contract made, or tax levied," in view of such object, can be considered as coming within the purview of the said curative act.                    Judgment affirmed.